UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INTEGRATED AIRCRAFT SYSTEMS, Inc., ) ) ) | CASE NO. 5:12CV493 |
| ) PLAINTIFF, ) | JUDGE SARA LIOI |
| vs. ) ) | OPINION & ORDER |
| ) PORVAIR FILTRATION GROUP, ) Ltd., ) ) DEFENDANT. ) | |

Plaintiff Integrated Aircraft Systems, Inc. ("Integrated") has filed a motion to remand this case to State court. (Doc. No. 5.) Defendant Porvair Filtration Group, Ltd. ("Porvair") subsequently filed an amended notice of removal. (Doc. No. 6.) Integrated filed a supplemental brief in support of its motion to remand (Doc. No. 7), and Porvair filed a brief in opposition to Integrated's motion to remand (Doc. No. 8).

Porvair filed its notice of removal to this Court on March 1, 2012. (Doc. No. 1.) The case was originally filed in the Summit County, Ohio, Court of Common Pleas on February 1, 2012. (Doc. No. 1-1.) In its original notice of removal, Porvair relied solely upon the general diversity jurisdiction statute, 28 U.S.C. § 1332, in asserting that this Court could exercise original jurisdiction over the case. In its motion to remand, Integrated pointed out that its complaint explicitly capped Integrated's potential recovery at $75,000—just below § 1332's amount-in-controversy requirement. Porvair

subsequently filed an amended notice of removal[1] in which, in addition to diversity jurisdiction, it asserted that this Court also has original jurisdiction over the action pursuant to chapter 2 of the Federal Arbitration Act (codified at 9 U.S.C. §§ 201–208), which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The contract between Integrated and Porvair that was attached to Integrated's complaint contains an arbitration clause that, Porvair contends, makes it proper for this Court to exercise original jurisdiction pursuant to 9 U.S.C. § 205. Integrated claims, in its brief in opposition to Porvair's motion to remand, that the arbitration clause is "void," "incomplete," and "unenforceable," and that chapter 2 of the Federal Arbitration Act does not operate to give the Court jurisdiction here. (Doc. No. 7 at 5.) Finally, in its brief in opposition to Integrated's motion to remand, Porvair contends that a discrepancy in Integrated's complaint means that the amount-in-controversy requirement is in fact met for purposes of § 1332 diversity jurisdiction.[2]

Title 9, Section 205 of the United States Code provides, in part, that

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

---

[1] "A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a). "'[A]mendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading.'" *Gafford v. General Elec.*, 997 F.2d 150, 164 (6th Cir. 1993) (quoting *Stanley Elec. Contractors v. Darin & Armstrong Co.*, 486 F. Supp. 769, 772 (E.D. Ky. 1980)), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

[2] The Court does not reach the merits of this amount-in-controversy argument. *Cf. Jacada (Europe), Ltd. v. Int'l Marketing Strategies*, 401 F.3d 701, 704 (6th Cir. 2005) ("Because we have no doubt that the Convention does indeed apply, we need not, and therefore do not, consider the jurisdictional question of whether removal on the basis of diversity jurisdiction would be proper in this case."), *abrogated on other grounds by Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

9 U.S.C. § 205. In order for this Court to have jurisdiction under § 205, the action must "relate[] to an arbitration agreement . . . falling under the Convention." Section 202 provides further guidance as to what sorts of arbitration agreements fall "under the Convention." Section 202 first states that "[a]n arbitration agreement . . . arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention." 9 U.S.C. § 202.

The case at bar centers on the alleged breach of a "Market Representation Agreement" between Integrated and Porvair. (*See* Doc. No. 1-1.) The agreement governs the commissions to be received by Integrated on its sales of Porvair's products in Ohio, Michigan, and Indiana. (*Id.*) This case therefore involves "a legal relationship . . . which is considered as commercial . . . ."

There is an additional limitation on what sorts of arbitration agreements fall "under the Convention." Section 202 goes on to provide that

> An agreement . . . arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202. This provision does not operate to remove the dispute between Integrated and Porvair from the purview of the Convention, as Integrated—a corporation—is a "citizen of Ohio" and Porvair is "an entity existing under the laws of England with its principal place of business located in London, England." (Doc. No. 6 at 2, 4.)

It is therefore safe to conclude that, if in fact there was an arbitration agreement in place between Integrated and Porvair, that agreement falls "under the

3

Convention." But did the Marketing Representation Agreement in fact include an arbitration agreement? Unequivocally, yes. Porvair directs the Court's attention to paragraph 14.1 of the Agreement (Doc. No. 1-1), which provides that

> Any questions or difference which may arise concerning the consturciton [sic] meaning or effect of this Agreement or concerning the rights and liabilities of the parties hereunder or any other matter arising out of or in connection with the Agreement shall be referred to a single arbitrator in London to be agreed between the parties. Failing such agreement within thirty days of the request by one party to the other that a matter be referred to arbitration in accordance with this clause such reference shall be to an arbitrator appointed by the President for the time being of [      ] [sic][3]

This arbitration agreement, as is clear from its terms, is an integral part of the broader Marketing Representation Agreement. This Court therefore has jurisdiction over this action pursuant to 9 U.S.C. § 205, as the action "relates to an arbitration agreement . . . falling under the Convention."

Despite the presence of (1) an arbitration agreement that (2) relates to the action at bar and that arises out of a (3) legal relationship that is (4) commercial in nature, Integrated contends that imperfections in the arbitration agreement deprive this Court of jurisdiction. It identifies two such imperfections. First, Integrated asserts that the provisions of the arbitration agreement requiring arbitration in London and also requiring the application of English law (paragraph 14.2 of the agreement) are invalid under Ohio law. Second, Integrated points out that the arbitration agreement "contains a blank requiring information never filled in to establish the procedure for selecting an arbitrator"

---

[3] The first set of brackets here (i.e., those directly following the words "being of") appear in the original Agreement. It appears as though the parties never indicated which "President" would appoint the contemplated arbitrator.

4

and that, as such, the arbitration agreement is "unenforceable because it is incomplete." (Doc. No. 7.)

In making these arguments, Integrated is getting ahead of itself. The test for whether this Court may exercise jurisdiction in this case is whether the case relates to an arbitration agreement under the Convention, not whether that arbitration agreement will ultimately be enforceable. In *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002), the Fifth Circuit concluded that

> a district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to."

*Beiser*, 284 F.3d at 669. There appears to have been no dispute in *Beiser* that the arbitration agreements in question were valid as to the signatory parties. *Id.* at 667 ("[Beiser] did not contest that the arbitration agreements 'fall[] under the Convention' within the meaning of § 205."). The question, rather, was whether those arbitration agreements—which plaintiff had signed, but only in his capacity as a corporate agent—related to the pending suit, which plaintiff had brought in his individual capacity. *Id.*

The Fifth Circuit determined that Beiser was attempting to "conflate the jurisdiction and merits inquiries into a single step." *Id.* at 670. The court stated that "[e]ven if Beiser is right on the merits that he cannot ultimately be forced into arbitration, his suit at least has a 'connection with' the contracts governing the transaction out of which his claims arise." *Id.* at 669. Thus, it was proper for the district court to exercise jurisdiction. *Id.* at 675.

The present action differs from *Beiser* in that Integrated does not contest the relevance of the arbitration agreement to the suit but rather asserts that the arbitration agreement is unenforceable. But like Beiser, Integrated is attempting to do an end-run around the jurisdiction question by reaching the merits. *Beiser* teaches that this is impermissible. In making its enforceability argument in its motion to remand instead of, for instance, as part in an opposition to a motion to compel arbitration, Integrated is attempting to "frontload[] a merits inquiry into the district court's examination of its jurisdiction." *Beiser*, 284 F.3d at 670. Such frontloading is inappropriate.

Integrated cites *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513 (3d Cir. 2009), for the proposition that "before this court can have federal question jurisdiction, the court 'initially must find that there is a valid agreement to arbitrate because the basis for contractual arbitration is consent, not coercion.'" (Doc. No. 7 at 3 (quoting *Century*, 583 F.3d at 523).) But Integrated's quotation of *Century* omits the crucial first portion of the *Century* court's sentence and thus misrepresents that court's pronouncement. The full sentence reads as follows: "For a court *to compel arbitration*, it initially must find that there is a valid agreement to arbitrate because the basis for contractual arbitration is consent, not coercion." *Century*, 583 F.3d at 523 (emphasis added, citation omitted). The issue presently before the Court is whether the Court has jurisdiction over this action, not whether to compel arbitration. The question the Court must ask, therefore, is whether the action relates to an arbitration agreement under the Convention, not whether that arbitration agreement will ultimately be

6

enforceable. As already explained, for purposes of removal, this action does indeed relate to an arbitration agreement under the Convention.[4]

For these reasons, Plaintiff's motion to remand to the Summit County, Ohio, Court of Common Pleas is DENIED.

**IT IS SO ORDERED**.

Dated: June 26, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court does not reach the difficult issue of whether remand would be appropriate should the Court conclude at some later stage that the arbitration clause is indeed invalid.