UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTEGRATED AIRCRAFT SYSTEMS, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 5:12CV493 |
| | | JUDGE SARA LIOI |
| PLAINTIFF, | | |
| vs. | | |
| | | OPINION & ORDER |
| PORVAIR FILTRATION GROUP, Ltd., | | |
| DEFENDANT. | | |

This matter is presently before the Court upon the motion of defendant Porvair Filtration Group (Doc. No. 9), filed March 14, 2012, to stay the case pending arbitration or, in the alternative, to compel arbitration. The motion is unopposed. Also pending before the Court is defendant's motion (Doc. No. 13) to quash subpoenas and for a protective order.

In a previously issued opinion (Doc. No. 10), the Court determined that it has jurisdiction here because the case involves an arbitration agreement that falls within the scope of chapter 2 of the Federal Arbitration Act (the "Act") (codified at 9 U.S.C. §§ 201–08), which implements the Convention on the Recognition and Enforcement of the Foreign Arbitral Awards (the "Convention"). The Court is now asked to decide whether, under the terms of the Act and the arbitration agreement, this action should be stayed or, alternatively, whether arbitration should be compelled.

"A court having jurisdiction under [chapter 2 of the Act] may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206. The Act further provides that

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.[1] The Act "manifests 'a liberal federal policy favoring arbitration agreements.'" *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 813 (6th Cir. 2008) (citations omitted). "If a plaintiff's cause of action is covered by an arbitration clause, the court must stay the proceedings until the arbitration process is complete." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005). In cases where all claims are referred to arbitration, the case may be dismissed rather than merely stayed. *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (table), 1999 WL 993775, at *4 (6th Cir.

---

[1] Title 9, Section 208 provides that chapter 1 of the Act (of which § 3 is a part) "applies to actions and proceedings brought under [chapter 2] to the extent that chapter [1] is not in conflict with chapter [2] or the Convention as ratified by the United States." Section 206 is therefore controlling to the extent it conflicts (if indeed it does conflict at all) with § 3. Regardless, the § 3 case law cited by the court in this opinion is at the very least highly persuasive, as both chapters 1 and 2 of the Act provide for referral of arbitration-clause-governed cases and are similar in numerous other ways.

2

October 19, 1999) (in § 3 case, "litigation in which all claims are referred to arbitration may be dismissed") (citations omitted); *Kaz Co. v. Esselte Corp.*, No. 5:05CV814, 2005 WL 3088563, at *4, (N.D. Ohio November 17, 2005) (§ 3 case dismissed rather than stayed because the entire dispute was subject to arbitration); *see also Tennessee Imports, Inc. v. Filippi*, 745 F. Supp. 1314, 1323–25 (M.D. Tenn. 1990) (discussing availability of dismissal as an option for courts in arbitration cases governed by the Act).

The Court has already determined, in its previously issued opinion, that plaintiff and defendant entered into an agreement to arbitrate and that that agreement falls within the ambit of the Convention.[2] The arbitration agreement, this Court said, was "an integral part of the broader Market[] Representation Agreement" within which it was contained. (Doc. No. 10 at 182.) Having already determined that the parties agreed to arbitrate, the Court must also determine the scope of that agreement, that is, which of plaintiff's claims are subject to the agreement to arbitrate. *See Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Under the terms of the agreement, "Any questions or difference which may arise concerning the consturciton [sic] meaning or effect of [the Market Representation Agreement] or concerning the rights and liabilities of the parties hereunder or any other matter arising out of or in connection with the Agreement shall be referred to a single arbitrator . . . ." (Doc. No. 1-1 at 30.)

Count 1 of plaintiff's complaint alleges breach of the Market Representation Agreement (the "MRA") itself. As such, it clearly falls within the scope

---

[2] Though, in its supplemental brief (Doc. No. 7) in support of its motion to remand, plaintiff challenged the validity of the arbitration clause, it has failed to raise any such arguments at this stage.

of the arbitration agreement. Likewise, count 2 alleges fraud relating the whether certain customers were under "Long Term Agreements" with defendant and thus what commission rate applied to sales made to those customers by plaintiff. The MRA governs commissions and the rates paid to plaintiff for sales made to customers who are under Long Term Agreements as well as the rates applicable to sales made to those customers who are not under such agreements. Count 2 therefore also falls within the scope of the arbitration agreement, as the dispute, pursuant to the terms of the arbitration agreement, certainly concerns the "meaning or effect of the [MRA] . . . ."

Lastly, plaintiff, in count 3, asks the Court for a declaratory judgment on two issues. Relying on Ohio Rev. Code § 1335.11(F) in both instances, plaintiff asks the Court to declare both the arbitration agreement and paragraph 14.2 of the MRA—which provides that the MRA is governed by English law—invalid. Section 1335.11(F) states that "[a]ny provision in any contract between a sales representative and principal is void if it purports to . . . [(1) m]ake the contract subject to the laws of another state [or (2) l]imit the right of the sales representative to initiate litigation or alternative dispute resolution in this state." As to the first prong of plaintiff's declaratory judgment request—the validity of the arbitration agreement—plaintiff has waived the issue by failing to oppose defendant's motion to stay pending arbitration or, in the alternative, to compel arbitration. The issue is thus moot. As to the propriety of applying English or Ohio law to interpret or enforce the MRA, that is an issue, in the words of the arbitration agreement, "concerning the const[ructi]on meaning or effect of the [MRA] or concerning

4

the rights and liabilities of the parties" under that agreement. The issue of what law applies in interpreting the MRA can and must, under the terms of the agreement, be determined in arbitration.

Even if the Court were somehow to reach the merits of plaintiff's § 1335.11(F) claims, it would be unable to provide plaintiff with the declarations sought. The Supreme Court has stated, in a similar context, that "[i]n enacting § 2 of the . . . Act, Congress declared a national policy favoring arbitration and withdrew the power of states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Additionally, provided the arbitration agreement falls within the purview of the Act, such agreements can be revoked only upon "grounds as exist at law or in equity for the revocation of *any* contract." *Id.* at 11 (emphasis added). There is "nothing in the Act indicating that the broad principle of enforceability is subject to any additional limitations under State law." *Id.* Section 1335.11(F) may not act to bar arbitration here. *See Kaz*, 2005 WL 3088563, at *4 (holding that § 1335.11(F) did not invalidate the arbitration clause or choice-of-law clause in the Act-governed contract at issue).

For all of these reasons, defendant's motion to stay is GRANTED in that the entire dispute is subject to arbitration. But since arbitration will resolve all outstanding issues in this suit, the case is DISMISSED without prejudice. The parties are hereby referred to arbitration for resolution of this dispute consistent with the provisions of the arbitration agreement found in the MRA. Additionally, because the Court

5

dismisses the case, defendant's outstanding motion (Doc. No. 13) to quash subpoenas and for a protective order is DENIED AS MOOT.

    **IT IS SO ORDERED**.

Dated: August 9, 2012

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**